IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO DEVONNE WASHINGTON, SR.

MOVANT,

vs.   No. CV 16-00093 RB/CG
　　　No. CR 10-3160 RB

UNITED STATES OF AMERICA,

RESPONDENT.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Mario Devonne Washington, Sr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 295). The Court will dismiss the Motion for lack of jurisdiction because the Motion is a second or successive § 2255 motion.

On August 25, 2010, Washington was charged with Conspiracy and Possession with Intent to Distribute Marijuana, and Aiding and Abetting, in violation of 18 U.S.C. §§ 841(a)(1), 841 (b)(1)(D), and 846. (CR Doc. 1). He entered into a plea agreement and waived his right to collateral attack under § 2255 except for issues of ineffective assistance of counsel in negotiating and entering into the plea agreement. (CR Doc. 127). Washington was sentenced according to the provisions of 21 U.S.C. § 841(b)(1)(D) with an adjustment as a career offender under U.S.S.G. § 4B1.1 (2012), and final Judgment was entered by the Court on February 29, 2012. (CR Doc. 155, 158).

1

Washington filed his first § 2255 motion to vacate his sentence on October 4, 2013. (CR Doc. 188). In his motion, he claimed error by the Court in sentencing, ineffective assistance of counsel, and due process violations by alleged outrageous government conduct. The Court adopted the Magistrate Judge's Proposed Findings and Recommended Decision, denying the motion based on Washington's waiver in the plea agreement and dismissing with prejudice. (CR Doc. 254, 257). Final judgment was entered on the § 2255 motion on October 15, 2014. (CR Doc. 258). Washington's present, second § 2255 motion was filed on February 8, 2016. (CV Doc. 1, CR Doc. 295).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Washington has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. Moreover, even if Washington were to make a motion under § 2243(b)(3)(A), he could not obtain authorization because he cannot meet the grounds for certification under § 2255(h). In his second motion, Washington seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135

S.Ct.2551 (2015). His motion, then, appears to proceed on an argument that there is a new rule of constitutional law permitting collateral review, and he makes no contention challenging his sentence based on newly discovered evidence. The Supreme Court's ruling in *Johnson,* however, does not apply to Washington's sentence.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563. Washington's sentence, however, was not enhanced under the residual clause of the ACCA. Instead, his sentence was based on his status as a career offender under 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. §924(c) and was adjusted under U.S.S.G. § 4B1.1, rather than enhanced under U.S.S.G. § 4B4.1, the ACCA enhancement. (See CR Doc. 155 and CV Doc. 1). Washington's sentence was not enhanced under the ACCA, much less the residual clause of the ACCA. *Johnson* is not applicable to Washington's sentence, and the Court lacks jurisdiction to consider this second § 2255 motion.

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Washington has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Movant Mario Devonne Washington, Sr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed February 8, 2016 (CV Doc. 1; CR Doc. 295) is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE